NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMARA DOUGE, | Civil Action No. 19-9868 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | February 25, 2020 |

**WIGENTON,** District Judge.

Before the Court is Plaintiff Tamara Douge's ("Plaintiff's") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"), with respect to Administrative Law Judge Beth Shillin's ("ALJ Shillin's") denial of Plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act (the "Act"). This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper pursuant to 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court finds that ALJ Shillin's factual findings are supported by substantial evidence and that her legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL AND FACTUAL HISTORY

### A. Procedural History

On November 10, 2015, Plaintiff filed a Title II application for Disability Insurance Benefits based on her "disabling condition." (Administrative Record ("Record" or "R.") 167-68.) The Social Security Administration denied Plaintiff's application on January 14, 2016, and again on reconsideration on May 26, 2016. (R. 69-70, 86-87.) Plaintiff appealed, and ALJ Shillin held a hearing on February 21, 2018. (R. 28-60.) In a June 13, 2018 written decision, the ALJ found that Plaintiff was not disabled. (R. 22.) Plaintiff requested that the Appeals Council review ALJ Shillin's decision, and the Appeals Council denied that request for review on June 13, 2018 making the ALJ's decision the final decision of the Commissioner. (R. 1-6.) Plaintiff now requests that this Court reverse the Commissioner's decision and either declare that Plaintiff is entitled to disability beginning April 21, 2015, or remand for a new hearing. (R. 167-68.)

### B. Factual History

Plaintiff is forty-nine years old and currently lives in Kinnelon, New Jersey. (R. 61.) Plaintiff alleges that she began having severe lower back pain in April 2015. (R. 61-62.) The record demonstrates that Plaintiff met with numerous doctors between 2013 and 2018 seeking treatment for the medical issues that are now associated with her disability claim. (D.E. 9 at 5-7; R. 17-20.) The following is a summary of the evidence.

In May 2015, Plaintiff visited Dr. Simon and reported lower back pain that radiated to her right leg and caused numbness in her right thigh. (R. 454.) Dr. Simon found that Plaintiff had "normal strength in all muscle groups, normal range of motion in all joints, no abnormal accumulation of fluid, and no muscle masses." (R. 458.) However, the MRI of her lumbar spine showed a disc bulge, which affects the lower portion of the back. (*Id.*)

On August 7, 2015, Dr. Anthony Festa, M.D. ("Dr. Festa"), evaluated and diagnosed Plaintiff with "lumbar disc disease with radiculopathy" and referred her to pain management. (R. 404-05.) In August and September of 2015, pain management specialist Dr. Christopher A. Kizina, M.D. ("Dr. Kizina"), administered a series of three epidural injections. (R. 342, 364, 382.) At the third injection appointment, Plaintiff reported "more than 50% improvement in intensity of pain and that her radicular symptoms were more intermittent." (R. 345.)

On October 8, 2015, Dr. Festa also referred Plaintiff for a surgical consultation with Dr. Ki Soo Hwang, M.D. ("Dr. Hwang"), who noted that Plaintiff might be a candidate for surgical treatment. (R. 413.) However, upon closer examination, the MRI and X-rays revealed the bone was inoperable. (R. 46.) On December 16, 2015, Dr. Amr Hosny, M.D. ("Dr. Hosny") also evaluated Plaintiff and found that while Plaintiff's MRI showed a disc bulge, there is no spinal deterioration or nerve damage. (R. 538.) He recommended Plaintiff continue physical therapy and offered spinal injections, which Plaintiff deferred. (*Id.*)

On April 7, 2016, orthopedist Dr. Ronald Daly, M.D. ("Dr. Daly") recorded that Plaintiff had some tenderness, but everything was normal. (R. 681-83.) He recommended that Plaintiff exercise as her mode of treatment, rather than rest, because no definitive cause of pain had been identified apart from a disc bulge. (R. 683.) Plaintiff continued to see Dr. Daly throughout 2016 and 2017. (R. 705-08.) On multiple occasions, Dr. Daly referred Plaintiff to physical therapy and prescribed a back brace as well as injections for pain management, but Plaintiff deferred each time. (R. 695-96.)

In March 2017, Plaintiff revisited Dr. Simon, who found that apart from lower back tenderness, Plaintiff's examination was "unremarkable, she had full range of motion in her back and extremities." (R. 746.) In April 2017, Dr. Simon advised Plaintiff to consider breast reduction

surgery to alleviate her back pain. (R. 738.) On March 5, 2018, Plaintiff visited Dr. Ross Cooperman, M.D. ("Dr. Cooperman"), who evaluated her for breast reduction surgery and noted that Plaintiff could expect her symptomatology to be relieved with surgery. (R. 709.)

On January 14, 2019, at the initial level of state review, state agency medical consultant Dr. Esther Tomor, M.D. ("Dr. Tomor") administered a physical residual functional capacity ("RFC") examination and opined that Plaintiff could "perform work at a light exertional level, could perform most postural maneuvers occasionally, and could kneel frequently." (R. 66-67.) On May 25, 2016, at the reconsideration stage, state agency medical consultant Dr. Seung Park, M.D. ("Dr. Park"), affirmed Dr. Tomor's findings, but also opined that Plaintiff could "stand and walk for a total of four hours a day, and could only occasionally kneel." (R. 82-83.)

### C. Hearing Testimony

At the administrative hearing, ALJ Shillin heard testimony from Plaintiff and Vocational Expert Josiah Pearson ("VE Pearson"). (R. 28-60, 269.) Plaintiff stated that she could not perform her previous work as it "requires her to sit at her desk for a long period time" and she can no longer remain focused or seated long enough to complete her job effectively. (R. 39-40, 51-52.) Plaintiff also stated that due to severe inflammation in her joints, she has difficulty using her arms and hands. (R. 40.) Additionally, while she is still able to dress and bathe herself, Plaintiff testified that she needs help with cleaning and doing laundry as she is unable to bend down and lift anything heavier than five pounds. (R. 42, 53.)

During the hearing, the ALJ described to VE Pearson a series of hypothetical people, one of whom has the same "age, education, and work history" as Plaintiff and has a "sedentary occupational exertional level with no [use of] ladders, scaffolds, ropes, heavy machinery or heights, only occasional stairs, ramps, crouching, crawling, stopping, kneeling or balancing,

4

frequent handling, fingering and feeling, and simple, repetitive and routine tasks." (R. 51-56.) ALJ Shillin acknowledged that while this hypothetical person would not be able to perform Plaintiff's prior work, which VE Pearson classified as mortgage closer and operations officer (R. 54,) VE Pearson states that this hypothetical person could perform the representative jobs of "charge account clerk, telephone quotation clerk, and addresser." (R. 56-57.)

## II. LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x. at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (internal quotation marks omitted) (quoting *Consolo v. Fed. Mar.*

*Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x. 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984) (citations omitted).

**B. The Five-Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A

claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged" 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rule ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's

7

"physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's RFC. 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, at step five the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. DISCUSSION

### A.

On June 13, 2018, ALJ Shillin issued a decision concluding that Plaintiff was not disabled since April 21, 2015 ("alleged onset date"). (R. 14, 22.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date. (R. 16.) At Step Two, the ALJ found that since the alleged onset date, Plaintiff has suffered from "degenerative disc disease in the lumbar spine with radiculopathy bilaterally through the heels and feet." (*Id.*) All of these ailments are classified as severe impairments. (*Id.*)

At Step Three, the ALJ concluded that Plaintiff's impairments do not "meet or medically equal the severity of the listings for these respective impairments in 20 CFR Part 404, Subpart P, Appendix I (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926)." (R. 15.) ALJ Shillin found that Plaintiff's impairments do not result in at least one extreme or two marked limitations in any area of functioning. (*Id.*) The ALJ relied on the opinion of Plaintiff's physician, Dr. Daly, who found that Plaintiff "does not have a disabling lower back condition" and recommended that Plaintiff "use exercise as her mode of treatment rather than rest." (R. 19.) ALJ Shillin also found that with regard to adapting or managing herself, Plaintiff only has a mild

9

limitation because despite Plaintiff's reported concentration deficits, "there are no objective findings commensurate with a moderate finding in this area, nor do complaints to her treating physicians or activities of daily living support more than a mild limitation." (R. 16.)

At Step Four, ALJ Shillin determined that Plaintiff "has the RFC to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a)." (R. 17.) The ALJ also noted that Plaintiff "can lift, carry, push or pull up to ten pounds, [and] can sit for six hours, but [Plaintiff] should be limited to simple, repetitive and routine tasks to account for any lapses in concentration attributable to her back pain." (*Id.*) Although ALJ Shillin considered the opinions of state agency medical consultants Dr. Tomor and Dr. Park, she gave more weight to Plaintiff's treating physicians and therapist, who have treated Plaintiff on and off for several years. (R. 17-20.) She specifically gave great weight to the opinions of Plaintiff's primary doctor, Dr. Daly, who found that Plaintiff "can perform light work and should use exercise, rather than rest, as treatment." (R. 19-20.) Records for the period between 2015 and 2018 indicate that Plaintiff's examinations "were unremarkable, and she had full range of motion in her back and extremities." (R. 746)

At Step Five, ALJ Shillin determined that Plaintiff is "unable to perform any past relevant work as an operations manager or mortgage closer" as these are skilled jobs and her RFC limits her to "simple, repetitive and routine tasks." (R. 17, 20-21, 54-55.) However, after considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that some jobs exist in significant numbers in the national economy that Plaintiff can perform. (R. 21.) In making this determination, ALJ Shillin appropriately relied on VE Pearson's testimony that Plaintiff is capable of performing several other jobs existing in the national economy because she "has a high school degree, can speak English, and can work at a sedentary RFC." (R. 21, 28.) Although Plaintiff's postural limitations compromise her ability to perform work at all exertional levels, she can

perform the requirements of a "charge account clerk, telephone quotation clerk, and addresser." (R. 56-57.)

B.

On appeal, Plaintiff seeks reversal of the Commissioner's decision and asserts that ALJ Shillin (1) failed to properly consider all the pertinent evidence, including medical opinions from treating sources; (2) posed hypothetical questions to the VE that were factually and legally inadequate; and (3) failed to comply with SSR 16-3P at the Step Four analysis. (D.E. 9 at 2.) This Court considers the arguments in turn and finds them unpersuasive.

Plaintiff first contends that ALJ Shillin committed legal error by discounting and ignoring relevant and probative evidence of disability without good reason. (*Id.* at 2.) However, Plaintiff does not identify the evidence that ALJ Shillin failed to consider. In fact, ALJ Shillin relied on substantial evidence in the record to determine that Plaintiff's severe and non-severe impairments do not render her disabled, including Plaintiff's "mental functioning" and all of her self-reported "symptoms that could reasonably be accepted as consistent with the objective medical evidence." (R. 17-20.)

Plaintiff also alleges that ALJ Shillin did not properly consider medical opinions from treating sources. (D.E. 9 at 10.) However, Plaintiff fails to present objective medical evidence or medical opinions that the ALJ failed to consider. Instead, Plaintiff refers only to treating providers' documentation of her subjective complaints, which are not medical opinions. (*Id.* at 5-7.) For instance, Plaintiff cites Dr. Hosny's examination and points to the "History of Present Illness," which primarily contains self-reported information. (R. 536.) But "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them." *Hatton v. Comm'r of Soc. Sec.,* 131 F. App'x 877, 879 (3d Cir. 2005). ALJ Shillin considered all

medical opinions in the record and gave great weight to Dr. Daly's opinion that Plaintiff should use exercise instead of rest for treatment because no definitive cause of pain had been identified apart from a disc bulge. (R. 19, 683.) Furthermore, ALJ Shillin afforded Plaintiff more limitations in her RFC than were suggested by state agency doctors. (R. 17, 19-20.) Therefore, this Court finds that ALJ Shillin properly considered all the pertinent evidence, including medical opinions from treating sources.

Plaintiff next argues that ALJ Shillin's hypothetical questions to the VE were factually and legally inadequate as they did not "contain all credible, established limitations the ALJ found at earlier steps in the evaluation." (D.E. 9 at 11.) However, Plaintiff's argument is an attack on the RFC itself. *See Rutherford v. Barnhart*, 399 F.3d at 546, 554 n.8 (3d Cir. 2005). The ALJ's hypotheticals to the VE incorporated every limitation within the RFC, (R. 51-56), and the ALJ was not required to incorporate any limitations into her hypotheticals that were not included in the RFC. *Pidgeon v. Colvin*, Civ. No. 15-2897, 2016 WL 2647666, at *13 (D.N.J. May 9, 2016). For the reasons discussed above, the ALJ's RFC's determination is supported by the substantial evidence. Her hypothetical questions to VE Pearson were therefore adequate.

Finally, Plaintiff claims that ALJ Shillin failed to comply with SSR 16-3P while evaluating "her subjective complaints of pain, dizziness, or anxiety." (D.E. 9 at 13.) SSR 16-3P requires a two-step process to evaluate impairment-related symptoms alleged by an individual. 2016 WL 1119029 at *2-3. At the first step, there must be a medically-determinable impairment that could reasonably be expected to produce the individual's alleged symptoms. *Id.* at *3-4. Once a medically-determinable impairment is established, the ALJ evaluates the intensity and persistence of an individual's symptoms and determines the extent to which an individual's symptoms limit her ability to perform work-related activities. *Id.* at *4-5. The ALJ is given great discretion in

evaluating a claimant's subjective complaints, and her findings are entitled to great deference. *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014).

Here, ALJ Shillin complied with SSR 16-3P in evaluating Plaintiff's subjective complaints. In formulating an RFC, ALJ Shillin considered Plaintiff's subjective complaints as well as exertional, postural, and concentration limitations attributable to her back pain. (R. 17-18.) The ALJ observed that in contrast to Plaintiff's subjective complaints, her treatments and examinations were routine and unremarkable, she was never hospitalized, she never had surgery, and her doctors consistently recommended exercise instead of rest for treatment. (R. 20.) Thus, ALJ Shillin reasonably considered the full record, including Plaintiff's subjective complaints, and substantial evidence supports her decision that the medical record did not support the degree of limitation that Plaintiff alleged.

## IV.  CONCLUSION

This Court finds that ALJ Shillin's factual findings were supported by substantial credible evidence in the record and her legal determinations were correct. Therefore, the Commissioner's determination is **AFFIRMED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties